IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-116-F-5

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF REVOCATION OF** |
| | ) | **PRETRIAL RELEASE AND FOR** |
| APRIL LINDSEY, | ) | **DETENTION PENDING TRIAL** |
| | ) | |
| Defendant. | ) | |

This case came before the court today for a hearing on the petition (D.E. 81), pursuant to 18

U.S.C. § 3148(b), to revoke defendant's pretrial release, on which she was placed on 23 April 2010

(*see* D.E. 41). The petition is based on defendant's submission on 24 and 27 May 2010,

respectively, of urine screens positive for cocaine and failure to attend four outpatient substance

abuse treatment sessions between 12 and 26 May 2010. At the revocation hearing, the government

relied on the evidence it presented at the preliminary hearing on the revocation petition on 14 June

2010 (D.E. 87), consisting of the testimony of a Probation Officer (not the Officer supervising

defendant). Defendant also relied on her evidence at the preliminary hearing, consisting of her own

testimony. The court reviewed the evidence from the preliminary hearing immediately prior to the

revocation hearing. At the court's direction, defendant's third-party custodian testified at the

revocation hearing.

Defendant does not dispute that the drug screens in question were positive, but contends that

the positive results were caused by her boyfriend spiking a bottle of water with cocaine without her

knowledge. She admits to missing three of the treatment sessions in question, denying that she

missed a fourth, but, as reflected in the petition, contends that the absences were for excusable

reasons, namely, either oversleeping, attending a deceased friend's wake, or illness. Defendant

concedes that she has a substance abuse problem.

The third-party custodian testified about the exemplary efforts she has made to supervise defendant and the difficulties she has encountered in effectively carrying out her duties through no fault of her own. For example, defendant is associating with persons who appear to be involved in drug activity despite the counseling of the third-party custodian to terminate these relationships, she changed the locks on her residence depriving the third-party custodian of access ostensibly because of a break-in, and, as indicated, she appears to be continuing to use cocaine. Indeed, the evidence strongly suggests that defendant is in the throes of active addiction.

After careful consideration of the credible information and argument presented, and for the reasons stated herein and in open court, IT IS ORDERED that the motion for revocation is ALLOWED. Pursuant to 18 U.S.C. § 3148(b)(1)(B), the court finds that there is clear and convincing evidence that defendant has violated the conditions of her release by using illicit controlled substances, as shown by the positive urine screens, and by failing to attend on at least three occasions required outpatient treatment sessions. The court further finds, pursuant to 18 U.S.C. § 3148(b)(2)(B), that defendant is unlikely to abide by the conditions of her release requiring that she abstain from use of illicit drugs and attend drug treatment as directed.

IT IS THEREFORE FURTHER ORDERED that defendant's pretrial release is REVOKED and defendant is COMMITTED to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

2

This, the 17th day of June 2010.

James E. Gates
United States Magistrate Judge

3